[Civ. No. 4195. Fourth Dist. Nov. 21, 1952.]

MANUEL VAZ SOARES et al., Respondents, v. ANDRE CARTER, Appellant.

Joseph K. Coady for Appellant.

Mize, Kroese, Larsh & Mize for Respondents.

BARNARD, P. J.—This is an action for damages based on the failure of the defendant to return land, buildings and equipment in good condition as required by the terms of a written lease. The complaint alleged damages in the amount of $2,000, without specifying what they were. A demurrer was filed. An amended complaint was then filed which alleged damages in the sum of $3,054.70, including specified items amounting to $1,354.70 "and an estimate of an additional $1700 to restore" the property to its original condition. A demurrer to the amended complaint was overruled and the defendant filed an answer and cross-complaint seeking $695.20 "for money had and received."

After trial, an amendment to conform to proof was allowed which alleges that the plaintiffs had been damaged "in the total amount of $1934.32, which includes the following items:" listing certain items which total $1,349.87.

The court then filed its findings of fact and conclusions of law. So far as material here, it was found that the plaintiffs had fully complied with the lease agreement except that they owed the defendant $212 for water furnished under the terms of the lease; that the defendant had failed to maintain the land, buildings and equipment in good condition or repair; and that the defendant had refused to comply with a request to clean up and repair the premises. It was then found that by reason of this failure to maintain the land, buildings and equipment in good condition the plaintiffs had been damaged "in the total amount of $1934.82, which sum comprises the following items of damages. . . ." This is followed by the same list of items and amounts which are contained in the amendment to conform to proof. While these amounts are not totaled in the findings, they add up to $1,349.87. It was then found that the plaintiffs are entitled to $400 attorney's fees, as provided for in the lease. As conclusions of law it was found that plaintiffs are entitled to judgment for $1,722.82 for damages after deducting the amount they owed for water, and for $400 attorney's fees; and that the defendant should take nothing by reason of his cross-complaint. Judgment was entered accordingly, and the defendant has appealed.

Appellant's main contention is that the evidence is insufficient to sustain the findings and judgment with respect to the amount of the damages. The finding in question finds that the plaintiffs were damaged in the sum "of $1934.82, which sum comprises the following items of damages . . . ," which is followed by certain items which total $1,349.87. The evidence supports the specific items thus set forth amounting to $1,349.87. The respondents point out evidence which they claim to be sufficient to support an additional $584.95. This evidence is not sufficient for that purpose. While this evidence might tend to indicate that some allowance might have been made, beyond the items specified, it cannot be told therefrom what amounts might properly have been allowed. In finding that the damages amounted to $1,934.82, the court expressly stated that this sum "comprises" the specific items which follow and which amount to the lesser sum of $1,349.87. Not only should the specific

items and amounts found control over the general finding, but we can find no evidence to support the latter amount. It may be noted in this connection that the respondents originally pleaded as damages specific items totalling only $1,-354.70; that the amendment to conform to proof alleged specific items which totaled $1,349.87; and that the findings allowed those specific items as comprising the amount of damages. Under the circumstances, the conflicting portion of the finding should be disregarded, and the amount of the judgment should be reduced by deducting $584.95 therefrom.

No objection is made to the allowance of the attorney's fees or to the allowance for water furnished to the respondents. The appellant does contend that the court erred in refusing to allow certain credits which he claimed. The record supports the action of the court in this regard.

The appellant also contends that the court erred in overruling his demurrer to the first amended complaint on the ground that it was uncertain as to what constituted the estimate of $1,700 of additional damage, and that the court erred in not sustaining objections to the introduction of evidence regarding any such uncertain damages. Aside from other considerations, the first amended complaint alleged and itemized damages amounting to more than the amount of the judgment here approved, and no prejudice appears. It is also contended that the court erred in permitting the respondents to amend the complaint at the conclusion of their case. This amendment was properly allowed to conform to the proof.

Appellant's final contention, that the court erred "in admitting certain evidence which in effect made a different contract between the parties," is without merit. The contract was in writing and, after a full hearing, the court properly refused to adopt the appellant's contentions with respect to the meaning of the contract and with respect to his claim of a different understanding of its terms.

The judgment is modified by deducting therefrom the sum of $584.95 and, as so modified, is affirmed. The appellant to recover costs on appeal.

Griffin, J., and Mussell, J., concurred.